# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: August 17, 2020

Mr. Steve Bernard Bogard
Chippewa Correctional Facility
4269 W. M-80
Kincheloe, MI 49784

Re: Case No. 20-1387, *Steve Bogard v. Connie Horton*
Originating Case No. : 2:20-cv-00016

Dear Mr. Bogard,

The Court issued the enclosed Order today in this case.

Sincerely yours,

s/Sharday S. Swain
Case Manager
Direct Dial No. 513-564-7027

cc: Mr. Thomas Dorwin

Enclosure

No mandate to issue

No. 20-1387

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Aug 17, 2020
DEBORAH S. HUNT, Clerk

STEVE BERNARD BOGARD, )
   )
 Petitioner-Appellant, )
   )
v.   )  O R D E R
   )
CONNIE HORTON, Warden, )
   )
 Respondent-Appellee. )

Before: MURPHY, Circuit Judge.

Steve Bernard Bogard, a Michigan prisoner proceeding pro se, appeals the district court's judgment dismissing his petition for a writ of habeas corpus under 28 U.S.C. § 2254.

A jury convicted Bogard of possession with intent to deliver less than fifty grams of cocaine, in violation of Michigan Compiled Laws § 333.7401(2)(a)(iv); being a felon in possession of a firearm, in violation of Michigan Compiled Laws § 750.224f; assault with a dangerous weapon, in violation of Michigan Compiled Laws § 750.82; and possession of a firearm during the commission of a felony, in violation of Michigan Compiled Laws § 750.227b. *People v. Bogard*, No. 338012, 2018 WL 1936044, at *1 (Mich. Ct. App. Apr. 24, 2018) (per curiam). At trial, the State presented evidence of the following facts:

> On September 20, 2016, Siad Brown called the police to report that someone had shot at him. When the police arrived, he emerged from a hiding place in some bushes and consented to the police searching his residence. The police knocked on the door, announced themselves, and entered. Inside, Bogard walked toward them from an area that another witness testified was near the basement. Bogard was searched. Although he was unarmed and had no drug paraphernalia on his person, he was carrying $1,660 in cash. The police searched the basement of the house and discovered 1.66 grams of cocaine and a loaded gun on some ductwork. They also searched Bogard's vehicle and discovered a digital scale and sandwich bags with the corner pieces torn out.

*Id.* In addition to this evidence, the State read to the jury Brown's preliminary-examination testimony, during which Brown stated that he ran away after Bogard pointed a gun at him and that he thought he heard gunshots while he was running. Brown's girlfriend at the time "also testified that Bogard showed Brown the gun and pointed it at him." The State's theory of the case was that Bogard had "stashed both the drugs and the gun [in the basement of the home] after shooting at Brown but before the police arrived." But Bogard testified that he never went into the basement, that he possessed a large quantity of cash for his mother's mortgage and his car insurance, and that other individuals had used his car. *Id.*

The trial court sentenced Bogard as a fourth habitual offender to two to forty years of imprisonment for the cocaine possession, eight to sixty years of imprisonment for being a felon in possession of a firearm, two to fifteen years for assault with a dangerous weapon, and a consecutive two-year term of imprisonment for possessing a firearm during the commission of a felony. *Id.* The Michigan Court of Appeals affirmed Bogard's convictions and sentences, and the Michigan Supreme Court denied leave to appeal. *Id.* at *1, *5; *People v. Bogard*, 919 N.W.2d 789 (Mich. 2018) (mem.).

Following his direct appeal, Bogard filed a § 2254 petition raising the following grounds for relief: (1) he was deprived of his right to confront adverse witnesses when the State read Brown's preliminary-examination testimony at trial; (2) the prosecutor committed misconduct by making improper remarks during closing argument; (3) there was insufficient evidence to support his conviction for possessing with intent to deliver cocaine; (4) his minimum term of imprisonment for being a felon in possession of a firearm is unreasonable and disproportionate; and (5) his trial counsel performed ineffectively. Bogard subsequently moved to stay his case and hold it in abeyance so that he could return to state court and exhaust an additional ineffective-assistance claim based on counsel's failure to call a favorable witness.

The district court dismissed Bogard's petition. It held that his challenge to the use of Brown's preliminary-hearing testimony was not cognizable under state evidentiary law and meritless under the Confrontation Clause. It next rejected Bogard's prosecutorial-misconduct and

sufficiency-of-the-evidence challenges on the merits. It then concluded that Bogard's sentencing challenge was not cognizable under state law and meritless as an Eighth Amendment or due-process claim. And it found that Bogard's ineffective-assistance claims were either procedurally defaulted or meritless. Finally, it denied Bogard's motion to stay his case because even if Bogard exhausted his proposed claim, it would be time-barred. Alternatively, it found that Bogard failed to show good cause for his failure to exhaust.

The district court declined to issue a COA, and Bogard now seeks one from this Court. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner may meet this standard by showing that reasonable jurists could debate whether the petition should have been determined in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). If the petition was denied on procedural-default grounds, the petitioner must show "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Because Bogard challenges his state-court convictions, he must satisfy the deferential standards of review in 28 U.S.C. § 2254(d) for those claims that the Michigan courts decided on their merits. Section 2254(d) requires a state court's resolution of a claim to be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). Here, all reasonable jurists would agree with the district court's conclusion that Bogard could not meet this demanding standard for any of his claims. Bogard thus is not entitled to a COA on his claims.

   I.   *Ground 1 — Confrontation Clause*

In ground one, Bogard argued that the trial court violated state evidentiary rules and that he was deprived of his right to confront an adverse witness when the prosecutor read to the jury Brown's preliminary-examination testimony. To the extent Bogard challenges the state court's

alleged violation of state evidentiary rules, it is black-letter law that his claim is not cognizable under § 2254. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

To the extent that Bogard asserts a Confrontation Clause claim under the Sixth Amendment, he cannot show that the Michigan courts' rejection of that claim was so unreasonable as to allow for relief under § 2254(d). The Confrontation Clause prohibits the prosecution from substituting former testimony for live testimony unless the prosecution demonstrates that the witness is unavailable for trial and that the defendant had a prior opportunity for cross-examination. *Crawford v. Washington*, 541 U.S. 36, 53-54 (2004). Bogard did not dispute that he was permitted to cross-examine Brown at the preliminary examination, nor did he allege that his opportunity to cross-examine Brown at the preliminary examination was insufficient. Thus, the relevant question was whether Brown was unavailable. A witness is unavailable for purposes of the Confrontation Clause if "the prosecutorial authorities have made a good-faith effort to obtain his presence at trial." *Hardy v. Cross*, 565 U.S. 65, 69 (2011) (per curiam) (quoting *Barber v. Page*, 390 U.S. 719, 724-25 (1968)).

The Michigan Court of Appeals found—and Bogard does not dispute—that Brown was cooperative at the preliminary examination and gave no indication that he did not intend to appear at Bogard's trial; that a process server attempted to serve Brown multiple times at his last known address; that an officer contacted Brown's ex-girlfriend, who told the officer that she did not know where Brown was; that Brown did not provide a forwarding address when he was released from probation; that Brown's phone number did not work; and that a search of LEIN turned up no leads. *See Bogard*, 2018 WL 1936044, at *2. Although Brown's ex-girlfriend testified at trial that she spoke with Brown daily and that he was in Atlanta, Georgia, she admitted that she had not disclosed this information to police. *Id.* "And, more to the point, the deferential standard of review set out in 28 U.S.C. § 2254(d) does not permit a federal court to overturn a state court's decision on the question of unavailability merely because the federal court identifies additional steps that might have been taken." *Hardy*, 565 U.S. at 72. In light of these facts, reasonable jurists could

not debate the district court's conclusion that the Michigan Court of Appeals reasonably found that the State made a good-faith effort to secure Brown's presence at trial.

## II.     *Ground 2 — Prosecutorial Misconduct*

In ground two, Bogard argued that the prosecutor improperly shifted the burden of proof to him when he stated during closing arguments that Bogard must have stashed the firearm and cocaine in the basement because "[there is] zero evidence that anybody else put it there." *Bogard*, 2018 WL 1936044, at *2.  Bogard argued that this statement "implied that [he] had some obligation to come forth with evidence that someone else could have planted the drugs and the gun."  He again cannot satisfy § 2254(d)'s demanding standards.  *See Parker v. Matthews*, 567 U.S. 37, 48-49 (2012) (per curiam).

A federal court may grant relief on a prosecutorial-misconduct claim only if the petitioner shows that the prosecutor's conduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process."  *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)).  Although a prosecutor may not suggest that a defendant has the burden of proving his innocence, the prosecutor has "wide latitude" to "respond to arguments made by defense counsel," *Beam v. Foltz*, 832 F.2d 1401, 1407 (6th Cir. 1987) (citation omitted), and to point out that the defense failed to present evidence to support an argument that it advanced, *United States v. Wimbley*, 553 F.3d 455, 461-62 (6th Cir. 2009).  The prosecutor here did just that.  The Michigan Court of Appeals found—and Bogard does not dispute—that defense counsel argued at trial "that the items found by the police belonged to someone other than Bogard."  *Bogard*, 2018 WL 1936044, at *3.  In fact, Bogard advanced that very argument in his direct appeal brief.  Bogard thus has not made a substantial showing that the Michigan Court of Appeals unreasonably rejected his prosecutorial-misconduct claim.  *See Parker*, 567 U.S. at 48-49.

## III.    *Ground 3 — Sufficiency of the Evidence*

In ground three, Bogard argued that there was insufficient evidence to support his conviction for possessing with intent to deliver fifty grams of cocaine.  Evidence is sufficient to

support a conviction if, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Under § 2254(d), a district court "must still defer to [a] state appellate court's sufficiency determination as long as it is not unreasonable." *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009) (emphasis omitted).

As the Michigan Court of Appeals noted, possessing with intent to deliver less than fifty grams of cocaine requires the State to prove the following elements: "(1) that the recovered substance is cocaine, (2) that the cocaine is in a mixture weighing less than fifty grams, (3) that defendant was not authorized to possess the substance, and (4) that defendant knowingly possessed the cocaine with intent to deliver." *Bogard*, 2018 WL 1936044, at *3 (quoting *People v. Wolfe*, 489 N.W.2d 748, 752 (Mich. 1992)). Bogard challenged the evidence for the fourth element only.

According to the Michigan Court of Appeals, the trial evidence showed that officers found 1.66 grams of cocaine in Brown's basement on top of a firearm. *Bogard*, 2018 WL 1936044, at *1, *3. When police arrived, Bogard—whom two witnesses previously saw holding a firearm—was inside Brown's home, walking away from the basement. *Id.* Bogard also had a large sum of cash on his person and drug paraphernalia in his car. *Id.* at *3. The Michigan Court of Appeals did not unreasonably apply *Jackson* in holding that this evidence would allow a rational jury to infer Bogard's intent to distribute the drugs. *See Cavazos v. Smith*, 565 U.S. 1, 2 (2011) (per curiam).

  IV. *Ground 4 — Unreasonable Sentence*

In ground four, Bogard argued that his minimum sentence is unreasonable and disproportionate. Specifically, he argued that his 96-month minimum sentence for being a felon in possession of a firearm—an upward departure from the 14-to-58-month guideline range—was unreasonable and that the trial court failed to offer an adequate justification for the departure. His argument faces two problems.

Problem one: procedure. Reasonable jurists could not debate the district court's conclusion that, to the extent Bogard alleged that his sentence violated state law, his claim was not cognizable

on federal habeas review. *See Estelle*, 502 U.S. at 67-68; *Kissner v. Palmer*, 826 F.3d 898, 902 (6th Cir. 2016). True, state prisoners might be able to raise due-process claims if they show that a sentencing judge relied on materially false information when calculating their sentences. *See Roberts v. United States*, 445 U.S. 552, 556-57 (1980). But Bogard did not identify any allegedly false information cited by the sentencing court.

Problem two: substance. The Eighth Amendment prevents "cruel and unusual punishments[.]" U.S. Const. amend. VIII. The Supreme Court has interpreted this provision to "forbid[] only extreme sentences that are 'grossly disproportionate' to the crime." *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring) (quoting *Solem v. Helm*, 463 U.S. 277, 288 (1983)). Because the contours of this "gross disproportionality principle . . . are unclear," the principle is "applicable only in the 'exceedingly rare' and 'extreme' case." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (quoting *Harmelin*, 501 U.S. at 1001 (Kennedy, J., concurring)). And a state court must unreasonably apply these general principles for a state prisoner to be entitled to relief under § 2254(d). *See id.* at 75-77.

The Michigan Court of Appeals could conclude that Bogard's facts do not present such an extreme case. A first offense for possessing a firearm as a convicted felon is punishable by up to five years' imprisonment. Mich. Comp. Laws § 750.224f. Because Bogard was a fourth habitual offender, the statutory maximum penalty increased to life in prison. Mich. Comp. Laws § 769.12(b). Reasonable jurists could not debate the district court's conclusion that Bogard's sentence of eight to sixty years—within the enhanced statutory range—was not grossly disproportionate to his crime where Bogard has twenty-seven prior convictions, seven of which were felonies; was on parole when he committed the instant offense; and had "repeated probation and parole violations and escapes." *See Bogard*, 2018 WL 1936044, at *4.

V.     *Ground 5 — Ineffective Assistance of Counsel*

In ground five, Bogard argued that trial counsel performed ineffectively by failing to (1) adequately prepare for trial; (2) file a notice to preserve a defense; (3) move to suppress illegally seized evidence; (4) file pretrial motions; and (5) move for a new trial.

To succeed on an ineffective-assistance claim, a petitioner must show both that counsel's performance fell below an objective standard of reasonableness and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). And the petitioner must show that the state court's resolution of this claim was unreasonable under § 2254(d). "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 562 U.S. at 105 (citations omitted).

In this case, reasonable jurists would agree that Bogard failed to make a substantial showing of either deficient performance or prejudice with respect to any of his ineffective-assistance claims. Indeed, he provided no factual allegations in support of those claims. Bogard did not identify any specific action that counsel allegedly failed to take in preparing for trial, nor did he identify the defense theory that counsel failed to pursue or the specific pretrial motions that counsel should have filed. He also did not provide any facts to suggest that a motion to suppress or a motion for a new trial would have been meritorious.

VI.     *Motion to Stay*

After he filed his habeas petition, Bogard moved to stay his habeas proceeding and hold it in abeyance while he returned to state court. In state court, he would argue that trial counsel performed ineffectively by failing to call eyewitness Frances Perez, who would have challenged Brown's credibility. Bogard attached to his motion affidavits from Perez and himself. The district court denied the motion, finding that Bogard's proposed claim would not relate back to the filing of his original habeas petition and would, therefore, be untimely even if he were permitted to exhaust his state-court remedies. Alternatively, the district court found that Bogard failed to show good cause for staying his habeas proceeding. Reasonable jurists could not debate the district court's conclusion that Bogard failed to show good cause. "[S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). From the facts alleged in both Perez's and Bogard's affidavits, it is clear that Bogard was aware of Perez's

No. 20-1387
- 9 -

availability and willingness to testify and the nature of her potential testimony at the time of his trial. Bogard failed to provide an adequate justification for failing to previously exhaust this claim in state court.

Accordingly, this court **DENIES** Bogard's application for a COA.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk